### UNITED STATES DISTRICT COURT
### DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| HOWARD W. COSBY, | ) | 3:21-cv-1491 (KAD) |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JONATHAN BUCIOR, | ) | DECEMBER 15, 2022 |
| *Defendant*. | ) | |

### MEMORANDUM OF DECISION
### RE: DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF No. 41)

Kari A. Dooley, United States District Judge:

The plaintiff, Howard W. Cosby ("Cosby"), filed this civil rights action pursuant to 42 U.S.C. § 1983, to assert a claim against the defendant, Correctional Officer Jonathan Bucior, for failure to protect him from assault by another inmate. The defendant filed a motion for summary judgment on the ground that Cosby failed to properly exhaust his administrative remedies before commencing this action. For the following reasons, the motion for summary judgment is DENIED.

**Standard of Review**

A motion for summary judgment may be granted only where there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see also Nick's Garage, Inc. v. Progressive Cas. Ins. Co.,* 875 F.3d 107, 113–14 (2d Cir. 2017). "A genuine issue of material fact exists if 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Nick's Garage,* 875 F.3d at 113–14 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). Which facts are material is determined by the substantive law. *Anderson,* 477 U.S. at 248. "The same standard applies whether summary

judgment is granted on the merits or on an affirmative defense. . . ." *Giordano v. Market Am., Inc.*, 599 F.3d 87, 93 (2d Cir. 2010).

The moving party bears the initial burden of informing the Court of the basis for its motion and identifying the admissible evidence it believes demonstrates the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party meets this burden, the nonmoving party must set forth specific facts showing that there is a genuine issue for trial. *Wright v. Goord*, 554 F.3d 255, 266 (2d Cir. 2009). He cannot "rely on conclusory allegations or unsubstantiated speculation" but "must come forward with specific evidence demonstrating the existence of a genuine dispute of material fact." *Robinson v. Concentra Health Servs.*, 781 F.3d 42, 44 (2d Cir. 2015) (quotation marks and citation omitted). To defeat a motion for summary judgment, the nonmoving party must present such evidence as would allow a jury to find in his favor. *Graham v. Long Island R.R.*, 230 F.3d 34, 38 (2d Cir. 2000).

Although the Court is required to read a self-represented "party's papers liberally and interpret them to raise the strongest arguments that they suggest," *Willey v. Kirkpatrick*, 801 F.3d 51, 62 (2d Cir. 2015), "unsupported allegations do not create a material issue of fact" and do not overcome a properly supported motion for summary judgment. *Weinstock v. Columbia Univ.*, 224 F.3d 33, 41 (2d Cir. 2000).

**Facts**[1]

Cosby's failure to protect claim is based on the assault on Cosby in his cell, H-1 24, by

---

[1] The facts are taken from the parties' Local Rule 56(a) Statements ("LRS") and supporting exhibits. As the merits of Cosby's claim are not at issue in this motion, the Court sets forth only those claims relevant to exhaustion of administrative remedies.

inmate Whittington on October 12, 2021.[2] As a result of the incident, Cosby received

disciplinary sanctions including confinement in restrictive housing for seven days. ECF No. 1 at

15.

Counselor Bennett is the Administrative Remedies Coordinator at MacDougall-Walker

Correctional Institution ("MacDougall"). Def. LRS, ECF No. 41-2, ¶ 4. In this capacity,

Counselor Bennett keeps records of all administrative grievances and appeals filed at

MacDougall and maintains the grievance log. *Id.* ¶ 5.

Administrative Directive 9.6 sets forth the process inmates must follow to file a grievance

and the manner in which those grievances are processed by correctional staff. *Id.* ¶ 8. The

directive requires inmates to first seek informal resolution of their issue and, if unsuccessful, to

file a Level 1 grievance on form CN 9602. *Id.* ¶¶ 9-10.

Cosby did not file a Level 1 grievance on form CN 9602 relating to this incident.  *Id.* ¶¶

18, 24.

**Discussion**

The defendant argues that Cosby failed to properly exhaust his administrative remedies

before commencing this action. The Prison Litigation Reform Act ("PLRA") requires a prisoner

pursuing a federal lawsuit to exhaust available administrative remedies *before* a court may hear

his case. *See* 42 U.S.C. § 1997e(a) (providing in pertinent part that "[n]o action shall be brought

with respect to prison conditions under section 1983 . . . or any other Federal law, by a prisoner

confined in any jail, prison, or other correctional facility until such administrative remedies as

---

[2] The defendant states that the assault occurred on October 11, 2021. In the Complaint, however, Cosby alleges that
inmate Whittington began to harass him on October 11, 2021, and assaulted him the following day (i.e., October 12,
2021). *See* ECF No. 1 at 6.

are available are exhausted."); *see also Ross v. Blake*, 578 U.S. 632, 635 (2016). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

The PLRA requires "proper exhaustion": the inmate must use all steps required by the administrative review process applicable to the institution in which he is confined and do so properly. *Jones v. Bock*, 549 U.S. 199, 218 (2007) (citing *Woodford v. Ngo*, 548 U.S. 81, 88 (2006); *see also Amador v. Andrews*, 655 F.3d 89, 96 (2d Cir. 2011) (exhaustion necessitates "using all steps that the [government] agency holds out and doing so properly"). "Exhaustion is mandatory—unexhausted claims may not be pursued in federal court." *Amador*, 655 F.3d at 96; *see also Jones*, 549 U.S. at 211.

Prisoners "cannot satisfy the PLRA's exhaustion requirement solely by . . . making informal complaints" to prison officials. *Macias v. Zenk*, 495 F.3d 37, 44 (2d Cir. 2007); *see also Day v. Chaplin*, 354 F. App'x 472, 474 (2d Cir. 2009) (summary order) (affirming grant of summary judgment for failure to exhaust administrative remedies and stating that informal letters sent to prison officials "do not conform to the proper administrative remedy procedures"); *Timmons v. Schriro*, No. 14-cv-6606 (RJS), 2015 WL 3901637, at *3 (S.D.N.Y. June 23, 2015) ("The law is well-settled that informal means of communicating and pursuing a grievance, even with senior prison officials, are not sufficient under the PLRA.").

The Supreme Court has held that the requirement for proper exhaustion is not met when a grievance is not filed in accordance with the deadlines established by the administrative remedy policy. *Jones*, 549 U.S. at 217–18 (citing *Woodford*, 548 U.S. at 93–95). In addition, exhaustion

of administrative remedies must be completed before the inmate files suit. *Baez v. Kahanowicz*, 278 F. App'x 27, 29 (2d Cir. 2008). Completing the exhaustion process after the complaint is filed does not satisfy the exhaustion requirement. *Neal v. Goord*, 267 F.3d 116, 122–23 (2d Cir. 2001).

Special circumstances will not relieve an inmate of his obligation to comply with the exhaustion requirement. An inmate's failure to exhaust administrative remedies is only excusable if the remedies are in fact unavailable. *See Ross*, 578 U.S. at 642. The Supreme Court has determined that "availability" in this context means that "an inmate is required to exhaust those, but only those, grievance procedures that are capable of use to obtain some relief for the action complained of." *Id.* (quotation marks and internal citations omitted).

The *Ross* Court identifies three circumstances in which a court may find that internal administrative remedies are not available to prisoners under the PLRA. *Id.* at 643–44. First, "an administrative procedure is unavailable when (despite what regulations or guidance materials may promise) it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates." *Id.* at 643. "Next, an administrative remedy scheme might be so opaque that it becomes, practically speaking, incapable of use." *Id.* Finally, an administrative remedy is not "available" when "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Id.* The Second Circuit has noted that "the three circumstances discussed in *Ross* do not appear to be exhaustive[.]" *Williams v. Priatno*, 829 F.3d 118, 123 n.2 (2d Cir. 2016). In considering the issue of availability, however, the court is guided by these illustrations. *See Mena v. City of New York*, No. 13-cv-2430 (RJS), 2016 WL 3948100, at *4 (S.D.N.Y. July 19, 2016).

5

Exhaustion of administrative remedies is an affirmative defense. Thus, the defendant bears the burden of proof. *See Jones*, 549 U.S. at 216. Once the defendant establishes that administrative remedies were not exhausted before the inmate commenced the action, the plaintiff must establish that administrative remedy procedures were not available to him under *Ross*, or present evidence showing that he did exhaust his administrative remedies. *See Smith v. Kelly*, 985 F. Supp. 2d 275, 284 (N.D.N.Y. 2013) ("[O]nce a defendant has adduced reliable evidence that administrative remedies were available to the plaintiff and that the plaintiff nevertheless failed to exhaust those administrative remedies, the plaintiff must then 'counter' the defendant's assertion by showing exhaustion [or] unavailability").

The general inmate grievance procedure is set forth in Administrative Directive 9.6. *See* Def. LRS, Ex. A, ECF No. 41-2 at 13–25. An inmate must first attempt to resolve the matter informally. He may attempt to verbally resolve the issue with an appropriate staff member or supervisor. Dir. 9.6(6)(a)(i). If attempts to resolve the matter verbally are not effective, the inmate must make a written attempt using a specified form and send the form to the appropriate staff member or supervisor. Dir. 9.6(6)(a)(i)(2)(a). If an inmate does not receive a response to the written request within fifteen business days, or the inmate is not satisfied with the response to his request, he may file a Level 1 grievance on form CN 9602. Dir. 9.6(6)(a)(ii).

The Level 1 grievance must be filed within thirty calendar days from the date of the occurrence or discovery of the cause of the grievance and should include a copy of the response to the written request to resolve the matter informally or explain why the response is not attached. Dir. 9.6(6)(a)(ii). The Unit Administrator shall respond in writing to the Level 1 grievance within thirty business days of his or her receipt of the grievance. Dir. 9.6(6)(b)(i)(3).

6

The Unit Administrator may extend the response time upon notice to the inmate on the prescribed form. Dir. 9.6(6)(b)(i)(4)(a)(i); Dir. 9.6(5)(j).

The inmate must appeal the disposition of the Level 1 grievance by the Unit Administrator, or the Unit Administrator's failure to dispose of the grievance in a timely manner, to Level 2. The Level 2 appeal of a disposition of a Level 1 grievance must be filed within five calendar days from the inmate's receipt of the decision on the Level 1 grievance. The Level 2 appeal of the Unit Administrator's failure to dispose of the Level 1 grievance in a timely manner must be filed within sixty-five days from the date the Level 1 grievance was filed by the inmate and is decided by the District Administrator. Dir. 9.6(6)(b)(ii)(1) & (2).

Level 3 appeals are restricted to challenges to department policy, the integrity of the grievance procedure, or Level 2 appeals to which there has been an untimely response by the District Administrator. Dir. 9.6(6)(b)(iii)(1).

Cosby filed this complaint on November 8, 2021. Thus, he must have properly completed the exhaustion process by that date. *See Baez*, 278 F. App'x at 29 (exhaustion must be completed before the inmate files suit).

The defendant contends that Cosby failed to properly exhaust his administrative remedies because he never filed a Level 1 grievance on the required CN 9602 form. Instead, he used a different form, CN 9606, intended for appeals of administrative decisions. In response, Cosby argues that when he asked for a CN 9602 form, he was told that CN 9606 was the only form in the restrictive housing unit. Thus, Cosby argues that administrative remedies were not available to him.

When Cosby submitted the CN 9606 form, the form was returned to him with the section

7

in which information about the disciplinary charge being challenged should have been provided highlighted in green. *See* Pl. Ex. 1, ECF No. 54 at 3. The form was not signed and did not include a decision. *See id.* at 2. Thus, it appears that the form was returned without disposition for failure to provide required information.

In *Angulo v. Nassau Cnty.*, 89 F. Supp. 3d 541 (E.D.N.Y. 2015), the plaintiff alleged that an officer told him there were no grievance forms available. *Id.* at 551. The court declined to find that administrative remedies were not available to him because he failed to introduce evidence showing that forms were not available in other parts of the facility. *Id.* In *Clarke v. Thornton*, 515 F. Supp. 2d 435 (S.D.N.Y. 2007), the court considered a similar claim under a more lenient standard requiring only that prisoners make reasonable efforts to exhaust administrative remedies, instead of the current mandatory requirement. The court found that, even under this more lenient standard, a prisoner had to make a serious effort to obtain grievance forms and could not merely rely on a request for forms that was denied to show that administrative remedies were not available. *Id.* at 439–40.

Courts have held that administrative remedies are not available where prison officials denied the inmate a grievance form, denied him the ability to file a grievance, and told him that the issue he was seeking to grieve was not grievable. *See, e.g.*, *Smith v. Westchester Cnty. Dep't of Corr.*, No. 07-cv-1803 (SAS), 2008 WL 361130, at *3 (S.D.N.Y. Feb. 7, 2008). That is not the case here. Cosby knew that proper exhaustion required that he submit his Level 1 grievance on form CN 9602. Cosby contends that an officer in restrictive housing told him CN 9602 forms were not available in the restrictive housing unit, but he did not submit a request to Counselor Bennett to obtain form CN 9602. In addition, Cosby was in restrictive housing for only seven

days. Although the time to file a Level 1 grievance had not expired, Cosby did not obtain and file a CN 9602 grievance form when he returned to his regular housing unit. Thus, Cosby has not shown that administrative remedies were not available to him.

However, the CN 9606 form was returned with a box checked indicating: "This decision is not subject to further appeal." *Id*. Counselor Bennett denies that she returned the form or checked the box. She contends that the form was never received or recorded in the grievance log. *See* Bennett Aff., ECF No. 41-2 at 11–12, ¶¶ 24–25. Cosby, however, states in his declaration that, on October 29, 2021,[3] Counselor Bennett told him that she had made a mistake by marking the back of his form with green highlighter and that the checked box meant that he had exhausted his administrative remedies. *See* Pl. Decl. ¶ 28, ECF No. 56 at 34–35. Construing the evidence most favorably to Cosby, the Court finds an issue of fact regarding whether Cosby exhausted his administrative remedies. Accordingly, the defendant's motion for summary judgment is denied.

The defendant requests that, if the Court finds an issue of fact on exhaustion, the Court hold an evidentiary hearing on the exhaustion issue before scheduling a trial on the merits of Cosby's claim. The Second Circuit has held that, where "the factual disputes relating to exhaustion are not intertwined with the merits of [the plaintiff's] underlying . . . claim," a jury is not required to decide the factual dispute. *Messa v. Goord*, 652 F.3d 305, 309 (2d Cir. 2011). Here, the issue of exhaustion related to Counselor Bennett's actions is unrelated to the actions of the defendant on October 12, 2021. As the issues are unrelated, the defendant's request is

---

[3] Cosby incorrectly reports this date as October 29, 2022 in his declaration attached to his Opposition to Defendant's Motion for Summary Judgment. In his complaint, Cosby alleges that the conversation with Counselor Bennett occurred on October 29, 2021. *See* ECF No. 1 at 16. Cosby further identifies this conversation as having occurred on October 29, 2021 in his LRS. *See* ECF No. 56 at 15 ¶ 1. The Court assumes for the purposes of this motion that the conversation he alleges he had with Counselor Bennett occurred on October 29, 2021.

granted.

**Conclusion**

      The defendant's motion for summary judgment **ECF No. 41** is **DENIED**. The Court will conduct an evidentiary hearing on the issue of exhaustion of administrative remedies on **March 29, 2023 at 10:00 AM** in Courtroom 4, Annex, 915 Lafayette Boulevard, Bridgeport, Connecticut.

      **SO ORDERED** this 15th day of December 2022 at Bridgeport, Connecticut.

                              */s/ Kari A. Dooley*
                              Kari A. Dooley
                              United States District Judge